UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ERIC F. WRIGHT, SR.,

                        **Plaintiff,**

  vs.                                                   1:24-CV-275
                                                               (MAD/ML)

HARDING MAZZOTTI, LLP; CASSANDRA
KAZUKENUS; and KAREN WHEELER,

                        **Defendants.**

_____

**APPEARANCES:**                                                 **OF COUNSEL:**

**ERIC F. WRIGHT, SR.**
1038 Regent Street
Schenectady, New York 12309
Plaintiff *pro se*

**HODGSON, RUSS LAW FIRM**                     **GLEN P. DOHERTY, ESQ.**
677 Broadway – Suite 401
Albany, New York 12207
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On November 20, 2023, Plaintiff commenced this action in New York State Supreme Court, Schenectady County, alleging, among other things, discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and several provisions of New York State law. *See* Dkt. No. 1-1. On January 24, 2024, Plaintiff filed an amended complaint. *See* Dkt. No. 1-2. On January 30, 2024, Plaintiff served Defendants the summons and amended complaint. On February 26, 2024, Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1441(a). *See* Dkt. No. 1.

Currently before the Court is Defendants' motion to dismiss. *See* Dkt. No. 20.

## II. BACKGROUND

**A.     Action No. 1**

On May 17, 2022, Plaintiff filed an action against Defendants Harding Mazzotti and Kazukenus in this Court. *See Wright v. Martin, Harding and Mazzotti, LLP*, No. 1:22-cv-515 (N.D.N.Y.) ("Action No. 1"). In Action No. 1, Plaintiff alleged that he was hired as a law clerk by Martin, Harding and Mazzotti ("Defendant MHM") on March 25, 2018. Plaintiff alleged that at some unspecified time, he was suspended from his employment pending an investigation into allegations made by two Caucasian female employees, who alleged that Plaintiff had made sexually harassing comments and that he had harassed and intimidated a paralegal during a lunchtime encounter. Plaintiff alleged that he was terminated on or about November 18, 2020. In Action No. 1, Plaintiff alleged that the named Defendants subjected him to discrimination and retaliation because of his race, national origin/ethnic heritage, and gender, all in violation of Title VII.

On August 23, 2023, Defendants filed a motion for summary judgment in Action No. 1. On August 30, 2023, Plaintiff submitted a letter indicating that he would not be filing a response to Defendants' motion. By Memorandum-Decision and Order dated November 14, 2023, the Court granted Defendants' motion. Specifically, the Court found that Plaintiff failed to file his complaint in this Court within ninety days of the EEOC's right-to-sue letter and that he failed to establish that equitable tolling should apply. Plaintiff subsequently filed a motion for reconsideration, which the Court denied on May 23, 2024. Thereafter, Plaintiff appealed this Court's judgment to the Second Circuit, which affirmed the dismissal of Action No. 1 on April 3, 2025.

B.    **Action No. 2**

As noted above, Plaintiff commenced this action on November 20, 2023, in New York State Supreme Court, Schenectady County, naming Harding Mazzotti, Kazukenus and Wheeler as Defendants ("Action No. 2"). *See* Dkt. No. 1-1. The facts and the claims underlying Action No. 2 are nearly identical to those asserted in Action No. 1. Defendants have now moved to dismiss Action No. 2, arguing that Plaintiff's claims are barred by *res judicata*. *See* Dkt. No. 20-12 at 9-12.

### III. DISCUSSION

A.    **Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). Under this

3

standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of the 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [] complaint must be dismissed[,]" *id.* at 570.

When a plaintiff is proceeding *pro se*, the complaint must be "'liberally construed,'" and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). *Pro se* status, however, "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.    *Res Judicata***

"Under the doctrine of *res judicata*, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Cayuga Nation v. Tanner*, 448 F. Supp. 3d 217, 233 (N.D.N.Y. 2020) (quoting *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999)), *aff'd*, 6 F.4th 361 (2d Cir. 2021). An "order of dismissal ... 'bars later litigation if [the] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or

their privies ... (4) involving the same cause of action.'" *Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009) (quoting *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)).  "*Res judicata* acts as a bar 'not only as to what was pleaded, but also as to what could have been pleaded.'" *Magi XXI, Inc. v. Stato Della Cita Del Vaticano*, 22 F. Supp. 3d 195, 201 (E.D.N.Y. 2014) (quoting *In re Teltronics Servs., Inc.*, 762 F.2d 185, 193 (2d Cir. 1985)).  This analysis requires looking "to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000).  That is because *res judicata* "'operates to preclude claims, rather than particular configurations of parties; [a plaintiff's] addition of new defendants, in the context of allegations of their involvement in the series of alleged deprivations, does not entitle him to revive the previously dismissed claims.'" *Overview Books, LLC v. United States*, 755 F. Supp. 2d 409, 418 (E.D.N.Y. 2010) (quoting *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003)), *aff'd*, 438 Fed. Appx. 31 (2d Cir. 2011).

"A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498-99 (2d Cir. 2014) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)). Courts may take "judicial notice of public documents filed in connection with [a different case] 'not for the truth of the matters asserted ... but rather to establish the fact of such litigation and related filings.'" *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 352 (E.D.N.Y. 2010) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

5

In the present matter, the Court agrees with Defendants that *res judicata* bars Plaintiff's claims. Even a cursory review of Plaintiff's first amended complaint in this case makes clear that this suit is a continued effort to litigate claims that have already been dispensed with by this Court in Action No. 1. Following the judgment entered in Action No. 1, Plaintiff filed a complaint in state court (*i.e.*, Action No. 2) – a pleading almost identical to the one dismissed by this Court in Action No. 1, except that the new action adds Wheeler as a Defendant. Significantly, the fourteen "Counts" set forth in Action No. 1's amended complaint are identical to the fourteen "Counts" set forth in Action No. 2's amended complaint. Both actions stem from his termination as a law clerk with Harding Mazzotti, and both primarily allege violations of Title VII.

In his opposition, Plaintiff asserts that this Court's grant of summary judgment in Action No. 1 does not constitute a final judgment on the merits for purposes of claim preclusion because "the expiration of a statute of limitations generally bars the remedy but does not extinguish the substantive right." Dkt. No. 32-1 at 9 (citing *Cloverleaf Realty of New York, Inc. v. Town of Wawayanda*, 572 F.3d 93, 95 (2d Cir. 2009)). Contrary to Plaintiff's argument, the law in the Second Circuit is clear that a dismissal for failure to comply with the applicable statute of limitations constitutes an adjudication on the merits for purposes of *res judicata*. *See Palmer-Williams v. United States*, 699 Fed. Appx. 1, 3 (2d Cir. 2017) (holding that the "'longstanding rule in this Circuit is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits'") (quoting *PRC Harris, Inc. v. Boeing Co.*, 800 F.2d 894, 896 (2d Cir. 1983)); *Cohen v. Glass*, 173 A.D.3d 580, 580 (1st Dep't 2019) ("Because a dismissal on the ground that the statute of limitations has expired is a determination on the merits for *res judicata* purposes, the dismissal of the prior lawsuit precludes this action") (citing *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 194 (1981)); *Bank of Am., N.A. v. Ali*, 202

A.D.3d 726, 732-33 (2d Dep't 2022) ("[D]ismissal on the ground of the statute of limitations is considered to be on the merits for res judicata purposes ....") (citations omitted).

    Plaintiff also argues that the Court's grant of summary judgment in Action No. 1 was improper because it did not adequately consider the circumstances that caused him to file Action No. 1 more than 300 days after the EEOC issued his right-to-sue letter. *See* Dkt. No. 32-1 at 8. As Defendants note, however, this argument is belied by the substance of the Court's Memorandum-Decision and Order, which analyzed in detail the applicability of equitable tolling, despite the fact that equitable tolling is an affirmative defense and Plaintiff decided not to oppose the pending motion for summary judgment. It was incumbent upon Plaintiff to raise all of his arguments on that issue with this Court in Action No. 1, which he failed to do. *See Palmer-Williams*, 699 Fed. Appx. at 3.

    Plaintiff next contends that *res judicata* does not apply to this action because the Court's decision in Action No. 1 was "flawed." Dkt. No. 32-1 at 9. The law is clear, however, that *res judicata* applies even if "the judgment may have been wrong or rested on a legal principle subsequently overruled." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Accordingly, this Court's prior grant of summary judgment, whether in error or not, is a final judgment on the merits for *res judicata* purposes.[1]

    Moreover, the fact that Plaintiff did not name Karen Wheeler as a Defendant in Action No. 1 does not preclude application of *res judicata*. Privity "bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."

---

[1] On April 3, 2025, the Second Circuit dismissed Plaintiff's appeal from Action No. 1, finding that it "lacks an arguable basis either in law or in fact."

7

*Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995). Ms. Wheeler is an employee of Harding Mazzotti and, as such, her addition as a Defendant in Action No. 2. does not preclude application of *res judicata*. *See id.*; *see also Overview Books, LLC v. United States*, 755 F. Supp. 2d 409, 418 (E.D.N.Y. 2010) ("'*Res judicata* operates to preclude claims, rather than particular configurations of parties; [plaintiffs'] addition of new defendants, in the context of allegations of their involvement in the series of alleged deprivations, does not entitle him to revive the previously dismissed claims'") (quoting *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003)).

In addition to a new defendant, Plaintiff also argues that his addition of state law claims of discrimination shields his complaint from claim preclusion. *See* Dkt. No. 32-1 at 10-11. As Defendants note, the cases Plaintiff cites in support of that proposition are inapposite. For example, Plaintiff cites *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983), for the proposition that "claims arising under different legal statutes and providing different remedies constitute distinct causes of action." Dkt. No. 32-1 at 10. However, the application of *res judicata* in that case involved application of the same statute in two distinct actions. *See United Technologies*, 706 F.2d at 1255 (discussing enforcement of Section 8(a)(1) of the National Labor Relations Act).

The court's reasoning in *United Technologies* instead highlights why claim preclusion is warranted in this action. There, the court held that the second action was not precluded because both suits arose out of events that "occurred at different places, and more than a decade apart; they concerned different employees engaged in different acts; and they involved different employer conduct in response to those acts." *Id.* at 1260. Here, by contrast, the circumstances

8

underlying Plaintiff's actions are spatially and temporally identical, concern the same employees engaged in the same acts, and involve the same employer conduct in response to those acts.

The law is clear that claim preclusion prevents plaintiffs from relitigating "claims that were or could have been raised in a prior action against the same defendant." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87-88 (2d Cir. 1999) (citation omitted). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Id.* at 88. Because Plaintiff's state law claims raised in this action arise out of precisely the same series of occurred that he alleged in Action No. 1, the claims raised in this action are precluded.

Finally, Plaintiff's reliance on his *pro se* status in an effort to avoid the preclusive consequences of this Court's final judgment in Action No. 1 are unpersuasive. While federal courts typically hold *pro se* litigants to less demanding standards than they do attorneys, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006), *pro se* plaintiffs are not exempt from the rules of *res judicata*. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (upholding the dismissal of the *pro se* plaintiff's complaint on *res judicata* grounds). Moreover, unlike your typical *pro se* litigant, Plaintiff graduated from law school in 2004, was admitted to the Louisiana bar in 2007, and practiced law for five years. *See* Dkt. No. 2 at ¶¶ 19, 27. Although he was subsequently disbarred, his status as a lawyer means that he is not entitled to the same special solicitude generally afforded to *pro se* litigants. *See Salis v. Dopico*, No. 24-1066, 2025 WL 880407, *1 (2d Cir. Mar. 21, 2025) (holding that the plaintiff "is not entitled to any special solicitude as a *pro se* litigant because he is a recently disbarred attorney") (citing *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)). Given Plaintiff's history, his decision not to file a response to Defendants' motion for summary judgment in Action No. 1

cannot be viewed as a mere "procedural misstep" as Plaintiff suggests. *See* Dkt. No. 32-1 at 12. However, even if it could be viewed in that light, it is not a basis to allow his latest claims to proceed because the doctrine of *res judicata* applies to bar even a *pro se* plaintiff's attempts to relitigate claims already decided.

Accordingly, the Court grants Defendants' motion to dismiss and Plaintiff's claims are dismissed with prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 20) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 7, 2025
       Albany, New York

Mae A. D'Agostino
U.S. District Judge